### THOMAS L. JOHNSON ET AL. V. HORACE CARPENTER, RECEIVER, ETC.

DISMISSAL OF ACTION BEFORE JUDGMENT—VACATION OF SUCH ORDER.

An action to enforce stockholders' statutory liability, being for the benefit of all creditors, is not within the rule that an action brought by a trustee need not be prosecuted but may be dismissed by such trustee at any time before judgment. So long as an action for enforcing statutory liability is not prosecuted to final judgment, and the liability of the parties has never been ascertained, and no steps are taken to ascertain who the creditors are, the suit is pending for the benefit of all, and if unadvisedly dismissed by the court, any creditor coming in and making a proper showing (in case at bar, that applicants had no knowledge that the order of dismissal had been made, that they were creditors and desired to have the suit proceed), may have such cause reinstated. (Parker, J., dissenting on the ground that the action might be dismissed by plaintiff at any time before judgment; that the action having been dismissed before creditors seeking vacation of the order came in, certain rights, by virtue of the order of dismissal, became vested and could not rightfully be disturbed without reasons given, even under the power of the court over its journal during the term; that an order affecting the order of dismissal should have been secured by proceedings in error.)

HEARD ON ERROR.

*Squire, Sanders & Dempsey; Swayne, Hayes & Tyler*, for plaintiffs in error.

*Scribner & Waite* and *Marshall & Fraser*, for defendant in error.

HAYNES, J.

In this case an action was brought by the Holcomb National Bank of Toledo against divers persons as stockholders of the Wheeling & Lake Erie Railway Company, defendant, for the purpose of enforcing a stockholder's liability. Summons was issued and served upon sundry of these defendants, others were permitted to come in and file answers and cross-petitions; others were non-residents of the state and if they were in the state when the suit was commenced, had left without being served. Sundry of the creditors came in and filed cross-petitions setting up generally the same facts as the plaintiff, the number of stockholders and matters of that kind, and asked for the enforcement of the stockholder's liability. Finally, on a certain day in the term, the parties came and discontinued the suit—dismissed it as to the plaintiff and as to the cross-petitions, as it was said, by consent of all these parties, the entry, dated April 21, 1898, being as follows: "By consent of the plaintiff and all cross-petitioners herein this cause is dismissed without prejudice at plaintiff's cost. Ordered that no record be made."

Subsequently, on July 27 in the same year, there came one, or perhaps more of the creditors, and filed a motion to set aside that entry, claiming that they had no knowledge that it had been made; that they were creditors and desired to have the suit prosecuted, and thereupon the court made an entry of that date as follows: "The court grants said motion and orders that the same be set aside and vacated for the reason that said entry of April 21, 1898, was inadvertently entered by the court, in that it was entered without the knowledge of the nature of

the case upon the part of the court at the time of making the same, and that said entry of dismissal without prejudice was prejudicial to the rights of said Horace M. Carpenter, as receiver, as well as the other creditors of said The Wheeling & Lake Erie Railway Company; and it is ordered that said cause be continued on the docket for further hearing."

Thereupon that defendant, with sundry and divers others were permitted to come in and file answers and cross-petitions. Subsequently he went out and was supposed to have been settled with, but some others still remained. At the time this entry of July 27, 1898, was made sundry parties were present, and many others of the plaintiffs in error were present by their counsel, objecting to that entry and that order showed that they were before the court. The motion set up that the entry was made out of the ordinary time of making motions; that the rules of court required that notice should be served and should be heard on a certain Monday, but that this was heard on a day in mid-week—referring to the original entry.

It is said that these parties had no right to dismiss this action and that the court had no right to dismiss it with their consent, but that the case was of such a nature that it should have remained in court for its enforcement so long as there were any creditors who had any claims that they were desirous of enforcing.

The case has been very earnestly argued and we have been cited to quite a number of cases and in our search we have found a good many more upon some of the general questions of the case. It is a case such as we generally term a close case, and the court themselves are not agreed as to whether this action of the court of common pleas should be approved or disapproved.

The contention is, that in a case where a suit is prosecuted by one on behalf of many persons who are interested—persons who are so numerous that they cannot be brought into the record—that the one party is not obliged to prosecute that suit, but may at any time dismiss the case and go out of court. Now there are a large number of authorities in favor of that proposition; we have examined a great many, but this action was originally not an action of that nature precisely. We have a section of the code which allows parties, as they did in the practice in chancery, where there were numerous parties interested, to bring suit on behalf of all, but this is not quite that case; this case is one where there is a statutory liability, and the rights of the parties depend upon the statute and the right of action given by the statute.

This action is for the benefit of the creditors and in which all have an interest, and the fund which arises from the action goes to the joint and equal benefit of all the creditors according to their classes, and it appears to a majority of this court, that an action of that kind stands on a different footing from the class of cases that I have before mentioned. We think that is recognized by the Supreme Court of this state. It seems to us that if an action is commenced by one, the other creditors not only are to receive the benefit of that, but may receive the benefit without going into the case at all, except to prove their claims at the proper time and file them before the proper officer appointed by the court.

It has been held that an appeal by one is an appeal for the benefit of all and that a petition in error filed by one is a petition for the benefit of all, and it seems to us that if one party should undertake to commence

Johnson v. Carpenter.

a separate suit, when a suit was already pending, that, upon motion, an order of abatement would be entered, or certainly it would be joined with the other suit and one suit should serve the purposes for which a suit was brought for the benefit of all, and no other party ought to be allowed to make costs and expenses by commencing and prosecuting a separate suit.

That being the case, it seems to a majority of the court that so long as this case had never been prosecuted to final judgment and the liability of these parties had never been ascertained, and no steps had been taken to ascertain who all the creditors were and have them bring in their claims, that that suit is still pending for the benefit of all creditors and that if it had been unadvisedly dismissed by the court and stricken off the docket, that any creditor coming in and making a proper showing might have the cause reinstated and prosecuted to final judgment.

It might happen if there were no power now to reinstate, that the suit might be dismissed after the statute of limitations had expired and that creditors would be barred from commencing new suits. The filing of cross-petitions by every creditor is unnecessary in order to protect the ordinary rights of parties and should be discouraged, as tending to increase costs, but if the court should hold there is no power to reinstate in a case like that at bar, it would behoove every creditor to file a cross-petition in order to keep himself in court.

There are, of course, some objections to it. One of the most forcible, to me, is, that many of the parties to the suit might not be where they could be notified and might not have attorneys in court.

So far as this case is concerned, the only parties complaining here were present at the time the order was made and excepting to it, so that they had notice of its pendency. The decision of the Supreme Court of this state in regard to the right of the court over its judgments, within the term, has been brought before that court in more than one case, and, as the majority of this court understand it, that court holds tha ta court during such term have full power over their entries that have been made in cases and may set them aside. We have held in a case before this court that they ought not to be permitted to do that and their own motion, wilfully and without reasonable cause.

Upon very careful consideration of the case the majority of the court are led to the conclusion that the judgment in this case should be affirmed and that the action of the court was proper, and it is therefore so ordered.

PARKER, J., dissenting.

I desire to state, very briefly, the grounds upon which I feel obliged to dissent from the conclusion of the majority of the court.

It cannot be questioned but that a court has very wide and extensive powers and discretion over and with respect to its journal during the term, and I do not question but what the court here had jurisdiction and power to make the order complained of, and yet it seems to me that that does not determine the question of the rights of the parties—that this jurisdiction and power should be subordinated to the rights of the parties litigant. The action having been dismissed before these intervenors came in to file their cross-petitions, if that was rightfully done, then there were certain rights by virtue of that order and judgment, dismissing the action, which became vested in both plaintiff and defendant, that could not be rightfully disturbed or taken away from them

without legal reasons, even under this power of the court over its journal during the term. In other words, if the court made a wrong order during the term with respect to orders previously entered upon its journal, during the term, that was prejudicial to any of the parties, they ought to have a right and opportunity to prosecute error on that account. But, as Judge Haynes has said, we differ as to the extent of the discretion of the court in dealing with its journal during the term. The opinion of the majority of the court seem to me to be that the court cannot be held to have done anything wrong or erroneous with respect to its orders made during term, no matter what it may do in the way of modifying, overturning or wiping them out.

That the parties did have a right to dismiss their suit without consulting the interests of persons who were not parties, it seems to me is well settled by the decisions. Section 455 of Beach on Modern Equity Practice reads as follows:

" Where a complainant files a bill on behalf of himself and all others of the same class, he retains the absolute dominion of the suit until the decree, and may dismiss the bill at his pleasure. But after a decree he cannot thus deprive the other persons of the same class of the benefit of the decree if they think fit to prosecute it. Nor can such complete control of the suit be exercised by the original complainant alone if there be other complainants."

" Other complainants " would doubtless include those who come in by the way of cross-petition. But here there were none at the time this action was dismissed. There are a great many authorities cited in support of this text, and they all appear to sustain it, and we cannot find any authority to the contrary. It seems to me that this kind of action, prosecuted by one on behalf of himself and of all others similarly situated, to enforce a stockholder's liability, is an action of the general nature and character referred to in this text book and covered by these decisions which are given in support of the text. It is said that the rule should not apply in Ohio, because after an action has been instituted by one creditor on behalf of himself and all others similarly situated, the hands of other creditors are tied, so that they may not institute an action of like character and therefore they have such a direct interest in the suit then being prosecuted as that they should be heard before any action is taken in the case which might operate to their prejudice, and I supposed, when the case was presented, that that was true in Ohio ; that after such an action had been begun by one creditor another creditor would not be permitted to maintain an action of a similar character. It seems to me as if that ought to be so, and yet we cannot find any decision in which that is distinctly held. There are two cases cited, Wright v. McCormack, 17 Ohio St., 86 ; Umsted v. Buskirk, Ib., 113. In the former it is held that where suit is instituted on behalf of the plaintiff himself and all others similarly situated, a creditor cannot then institute such an action on behalf of himself alone ; and we think that the court might have gone even farther and said that even before instituting such an action no creditor could institute an action to enforce a stockholder's liability on behalf of himself alone. I think it is true, that such action must take the form of an action on behalf of all the creditors interested, on behalf of himself and all others of like interests, because the statute provides that the fund shall be brought into court to be distributed mong the creditors *pro rata.*

After the order had been made dismissing this action, it seems to me that both plaintiff and defendants below had such a vested right and interest in that judgment of dismissal as that the court could not without good reason and in the interests of justice interfere with it. That any order affecting the dismissal must be made in pursuance of and consistently with well settled rules of law, and that therefore error may be prosecuted on account of the action being reinstated, if it was not done rightfully and in pursuance of law; and that both the plaintiff and the defendant would have rights arising out of the judgment of dismissal is held in effect in McDougald v. Dougherty, 11 Georgia, 570. I read a few paragraphs from the syllabus:

" Notwithstanding a bill is filed by a creditor at the instance of himself and all others who may wish to come in, still up to the time of the decree it is a suit only between party and party.

" The plaintiff up to the time of the decree, may make any disposition of the case, which he sees fit ; and the defendant who is the debtor may tender satisfaction and compel him to accept it."

So that the right of the defendant in the matter appears to be a right to tender satisfaction and compel the acceptance of it and have the suit dismissed ; and therefore it seems to me it could not be reinstated and he could not be brought back into court without his consent and that such order would amount to error, to his prejudice.